**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIL WILLIAMS, *on behalf of himself and others similarly situated,*<br><br>       Plaintiff,<br><br>   v.<br><br>DUNNE MANNING, INC. and<br>DUNNE MANNING STORES, LLC,<br><br>       Defendants. | Case No. 22-cv-2081 |

## DEFENDANTS' NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Dunne Manning, Inc. and Dunne Manning Stores LLC (collectively, "Dunne Manning" or "Defendants") hereby remove to the United States District Court for the Eastern District of New York the action filed by Plaintiff Jamil Williams ("Mr. Williams" or "Plaintiff") in the Supreme Court of the State of New York, Suffolk County, styled *Jamil Williams, on behalf of himself and others similar situated v. Dunne Manning, Inc. and Dunne Manning Stores, LLC* (Index No. 603976/2022). The grounds for removal are as follows:

### THE STATE COURT ACTION, PARTIES AND PLEADING

1.      Plaintiff served Dunne Manning with a copy of the relevant Summons and Complaint on March 10, 2022. (*See* Summons and Affidavit of Service on Dunne Manning, Inc., true and correct copies of which are attached hereto as Exhibit A.)

2.      Plaintiff served Defendant Dunne Manning Stores, LLC with a copy of the Summons and Complaint on March 10, 2022. (*See* Summons and Affidavit of Service on Dunne Manning Stores, LLC, true and correct copies of which are attached hereto as Exhibit B.)

3.      In the Complaint, Plaintiff alleges that Defendants willfully and/or negligently violated (1) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292 *et seq.* and (2) the New York Fair Credit Reporting Act ("NY FRCA"), N.Y. Gen. Bus. Law § 380 *et seq*. (*See* Compl. a true and correct copy of which is attached hereto as Exhibit C.)

4.      Dunne Manning has not filed a responsive pleading in the state court action.  (*See* State Court Docket Sheet, a true and correct copy of which is attached hereto as Exhibit D.)

## TIMELINESS OF REMOVAL

5.      The Summons, Complaint, and Affidavits of Service are the initial and only pleadings Plaintiff has filed.  (*See* Exhibit D). This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Dunne Manning filed the Notice within 30 days of service of the Summons.

## JURISDICTION IS APPROPRIATE UNDER DIVERSITY JURISDICTION

6.      Dunne Manning removes this case pursuant to 28 U.S.C. § 1441 on the ground that this Court has original jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a).

7.      Plaintiff does not allege an amount in controversy in the Complaint.  (*See* Exhibit C).

8.      Plaintiff claims that he seeks redress for himself for lost employment opportunities, earnings, other employment benefits, actual and compensatory damages, attorneys' fees, statutory damages under the New York State Human Rights Law, statutory damages under the New York Fair Credit Reporting Act, punitive damages, injunctive relief, and declaratory relief.  (*Id.*).

9.      When the "pleadings themselves are inconclusive as to the amount in controversy," removal is proper where "it appears to a 'reasonable probability' that the claim is in excess of the

statutory jurisdictional amount." *See Hager v. Steel*, 20 Civ. 4482, 2020 WL 4345735, *1 (S.D.N.Y. Jul. 29, 2020) (citing *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)). *See also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

10.    Plaintiff is a citizen of the State of New York. *See* Compl. ¶ 3.

11.    Dunne Manning, Inc. is organized under the laws of Delaware and has a principal place of business in Pennsylvania. *See* Compl. ¶ 5.

12.    Dunne Manning Stores, LLC is organized under the laws of Delaware and has a principal place of business in Pennsylvania. *Id.* at ¶ 4.

13.    Dunne Manning Stores Holdings LLC is the sole member of Dunne Manning Stores, LLC.

14.    Dunne Manning Stores Holdings LLC is organized under the laws of Delaware and has a principal place of business in Pennsylvania.

15.    There is complete diversity of citizenship between the parties. *Id.* at ¶¶ 3-5.

## VENUE

16.    Plaintiff filed his Complaint in the New York Supreme Court, Suffolk County, which is located in the Eastern District of New York.

17.    Venue in this District is therefore proper under 28 U.S.C. § 1446(a) because the Eastern District of New York is the District Court for the district and division within which the state court civil action is currently pending.

## NOTICES

18.    In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Dunne Manning will give written notice thereof to Plaintiff, and Dunne Manning will file a copy of this Notice of Removal with the New York Supreme Court, Suffolk County.

3

## JURISDICTION IS ALSO APPROPRIATE UNDER SUPPLEMENTAL JURISDICTION

19.     Plaintiff has also filed suit against Dunne Manning in the United States District Court for the Eastern District of Pennsylvania in the matter styled *Jamil Williams, on behalf of himself and others similar situated v. Dunne Manning, Inc. and Dunne Manning Stores, LLC*, 5:22-cv-00908-JLS (the "Pennsylvania Action").  (*See* Pennsylvania Action Compl., true and correct copy of which is attached hereto as Exhibit E).

20.     The Pennsylvania Action purports to state a claim for alleged violation of the Fair Credit Reporting Act under 15 U.S.C. § 1681 *et seq*.  (*See id.* at ¶¶ 19-28).

21.     The Pennsylvania Action arises "from a common nucleus of operative fact" as Plaintiff's claims under NYSHRL and NYFCRA.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 728 (1966).  *Compare* Exhibit E at ¶¶ 9-16 *with* Exhibit C at ¶¶ 8-15.

22.     Plaintiff has not served Dunne Manning with a summons or complaint in the Pennsylvania Action.  (*See* Docket Sheet in the Pennsylvania Action, a true and correct copy of which is attached hereto as Exhibit F).

23.     This Court has original jurisdiction over the Pennsylvania Action because the Pennsylvania Action arises under 15 U.S.C. § 1681 *et seq.*

24.     As an alternative to diversity jurisdiction, this Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYFCRA claims which arises "from a common nucleus of operative fact" as the Pennsylvania Action such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding."  *Gibbs*, 383 U.S. at 725.  *See also* 28 U.S.C. § 1367 (a).

25.     This Court may "consolidate the actions" because Plaintiff's complaints "involve a common question of law or fact."  Fed. R. Civ. P. 41 (a) (2).  *See infra* at ¶ 19.

26.     "The trial court has broad discretion to determine whether consolidation is appropriate."  *Morinville v. Dzurenda*, No. 21-CV-6088(JMA)(ARL), 2022 WL 203989, at *3

(E.D.N.Y. Jan. 24, 2022) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  *See also Rifkin v. Fitness Int'l, LLC*, No. 19-CV-5686, 2021 WL 1061211, at *3 (E.D. Pa. Mar. 19, 2021) (citing *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018)).

27.    "Consolidation of cases with common questions of law or fact is favored 'to avoid unnecessary costs or delay,' and to 'expedite trial and eliminate unnecessary repetition and confusion.'"  *Id.* (citing *Johnson*, 899 F.2d at 1284).   *See also Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

28.    Consolidation is appropriate here because Plaintiff's claims under the NYSHRL, NYFCRA, and FCRA contain "common questions of law or fact[,]" the same parties, the same counsel, and the same witnesses.  Fed. R. Civ. P. 41 (a) (2).

29.    Consolidation is appropriate here because it would serve "to avoid unnecessary costs or delay,' and to 'expedite trial and eliminate unnecessary repetition and confusion'" for the Court, parties, witnesses, and counsel.  *Morinville*, 2022 WL 203989,  *3 (citing *Devlin*, 175 F.3d at 130).

30.    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought."  28 U.S.C. § 1404 (a).

31.    Venue is proper in the Eastern District of New York because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391 (b) (2).  *See also* Exhibit E at ¶ 9.

## RESERVATION OF RIGHTS

32.    Dunne Manning preserves all defenses and positions available to them at law, in equity or otherwise, and this Notice of Removal — which Dunne Manning reserves the right to amend — shall not serve as a waiver of any such defense or position.

33.     If any question arises regarding the propriety of the removal of this case, Dunne

Manning requests the opportunity to present further briefing in support of its position that the case

is removable.

DATED:   New York, New York                          Respectfully submitted,
         April 11, 2022

                                          By:/s/ Alexander W. Bogdan
                                             FOX ROTHSCHILD LLP
                                             Alexander W. Bogdan
                                             101 Park Avenue, 17th Floor
                                             New York, New York 10178
                                             Tel:  212.878.7900
                                             ABogdan@FoxRothschild.com

                                             Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, Alexander Bogdan, hereby certify that on April 11, 2022, I caused service of the foregoing Notice of Removal, Exhibits A-F, and Certificate of Service upon the following *via* first-class mail and email:

C.K. Lee, Esquire
LEE LITIGATION GROUP, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
*Counsel for Plaintiff*

DATED:    New York, New York          Respectfully submitted,
                April 11, 2022

By:*/s/ Alexander W. Bogdan*
FOX ROTHSCHILD LLP
Alexander W. Bogdan
101 Park Avenue, 17th Floor
New York, New York 10178
Tel:  212.878.7900
ABogdan@FoxRothschild.com

*Counsel for Defendants*